FILED
99 SEP 27 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DIANA JOHNSON, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-99-S-266-NE
)
MED-CENTER MAZDA, )
)
    Defendant. )

ENTERED
SEP 27 1999

**MEMORANDUM OPINION**

    This action is before the court on four motions filed by defendant. In response to an order dated September 16, 1999, which directed defendant to file certain documents with this court, defendant moved to withdraw its motion to compel arbitration. This motion is due to be granted.

    Thus, defendant's original motion to compel arbitration is moot, and therefore, due to be denied. Further, defendant's motion to stay discovery pending resolution of its motion to compel arbitration is moot, and therefore, due to be denied. The court addresses defendant's motion to strike the affidavit of plaintiff below.

    Med-Center Mazda seeks to strike the entire affidavit of plaintiff, because it "was not made on affiant's personal knowledge, and was not made under oath."[1] In paragraph 1 of the

---

[1] Defendant's motion to strike the affidavit of Diana Johnson (Doc. No. 14) ¶ 1.



affidavit, Johnson states she makes this affidavit "based upon my personal knowledge of the facts ...."[2] Further, the affidavit reveals plaintiff made the disputed statements "after being duly sworn under oath ...."[3] Therefore, defendant's motion to strike the *entire* affidavit is due to be denied.

In the alternative, Med-Center Mazda seeks to strike certain portions[4] of Johnson's affidavit, because they are based on inadmissible hearsay or contain legal conclusions. Federal Rule of Civil Procedure 56(e) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

As to paragraphs 8, 12, and 19, defendant's motion is moot, and therefore, due to denied. Plaintiff made these statements solely in opposition to defendant's motion to compel arbitration, which is due to be denied.

Paragraphs 13, 29, and 30, on the other hand, go beyond the narrow issue of arbitration. These statements relate to other issues still pending in this action. The court concludes paragraph

---

[2] Affidavit of Diana Johnson in support of plaintiff's response to defendant's motion to compel arbitration (Doc. No. 12) ¶ 1.

[3] *Id.* at 1, 4.

[4] Defendant seeks to strike paragraphs 8, 12, 13, 19, 29, and 30. Defendant's motion to strike the affidavit of Diana Johnson (Doc. No. 14) ¶¶ 2-4.

2

13 of the affidavit contains legal conclusions that do not constitute "facts as would be admissible in evidence," pursuant to Federal Rule of Civil Procedure 56(e). This statement should be stricken. Finally, paragraphs 29 and 30 of plaintiff's affidavit are based on inadmissible hearsay, and should be stricken. No exception to the hearsay rule under Federal Rule of Evidence 803 applies. Therefore, as to paragraphs 13, 29, and 30, defendant's motion is due to be granted.

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 27th day of September, 1999.

_____
United States District Judge

3